HOOD, Judge.
Seab Rogers instituted this suit against Arthur R. Arnold and the latter’s insurer, State Farm Mutual Automobile Insurance Company, to recover damages allegedly sustained by plaintiff as a result of a motor vehicle collision. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
This case was consolidated for trial and appeal with another suit which arose out of the same accident. We are rendering judgment in the companion suit on this date. See Arnold v. Rogers and Southern Farm Bureau Casualty Insurance Company, 262 So.2d 546.
The only issue presented on this appeal is factual, and that is whether plaintiff caused his automobile to enter a preferred highway from an inferior road directly in front of the oncoming Arnold vehicle.
The accident occurred on October 12, 1969, at a point where a dirt road running east and west joins and forms a “T” intersection with a north-south blacktopped state highway, in Beauregard Parish. The state highway was the preferred thoroughfare at that intersection, and a stop sign *546 warned motorists on the dirt road to stop before entering the highway.
Plaintiff Rogers contends that while driving his automobile on the dirt road toward this intersection, he stopped momentarily about 20 feet from the highway, and that he then drove his car forward again to a point about one and one-half to three feet from the blacktopped slab where he brought his vehicle to a complete stop. He testified that while he was stopped in that position the Arnold automobile, while traveling south, turned off the highway on to the west shoulder, and struck the left side of plaintiff’s car.
Defendant Arnold contends that Rogers first stopped his car momentarily ten or twelve feet from the highway, but that he then started his car up again and drove it on the blacktopped part of the highway when Arnold was about three car lengths from him. Arnold stated that he applied his brakes and turned to his right immediately after he saw that Rogers was going to enter the highway, but that despite these efforts he was unable to avoid a collision. Arnold contends that the Rogers car was still moving and that the right front wheel of that car had reached a point near the center line of the highway when the collision occurred.
The Arnold car was being driven at a speed of 45 to 50 miles per hour which was within the legal speed limit, as it approached this intersection. We consider that to be a reasonable speed. It left skid marks about 50 feet long, beginning in the south bound lane of traffic and then turning west and angling toward the west shoulder of the highway. The left front fender of the Arnold car struck the left front door of the Rogers vehicle.
The trial judge obviously accepted defendants’ version of the facts. After reviewing the record we have concluded that the evidence supports his findings. We agree with the trial judge that the sole proximate cause of the accident was the negligence of Rogers in failing to yield the right of way to Arnold and in entering the preferred highway from an inferior road, in the path of the oncoming Arnold vehicle. We also agree with the finding of the trial judge that Arnold was free from fault.
For these reasons the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.